# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, #K83253, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17−cv−0667−SMY |
| | ) |
| WARDEN LAMB, | ) |
| JOHN COE, | ) |
| LT. McARTHY, | ) |
| MAJOR JOHN DOE and | ) |
| NURSE JANE DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Owens, an inmate who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings the instant civil rights action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges that he was denied adequate medical care for left hip and leg pain at Lawrence in 2015-16. (Doc. 1, pp. 3-8). He asserts an Eighth Amendment deliberate indifference to medical needs claim against two known defendants (Doctor John Coe and Lieutenant McArthy) and two unknown defendants (Major John Doe and Nurse Jane Doe). *Id*. Plaintiff seeks declaratory judgment and monetary damages against them. (Doc. 1, pp. 8-9). In addition, he names Warden Lamb in connection with a request for injunctive relief. *Id*.

The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives screening under this standard.

## Complaint

According to the allegations in the Complaint, Plaintiff suffers from intermittent periods of debilitating pain in his left hip and leg. (Doc. 1, pp. 4-12). He experienced one such episode at Lawrence in late 2015. *Id*. For four months, Plaintiff repeatedly requested medical treatment and pain relievers from Nurse Doe, Doctor Coe, Major Doe, and Lieutenant McArthy. *Id*. However, the defendants allegedly responded to his requests with deliberate indifference. *Id*.

Plaintiff initially woke up with pain in his left hip on October 24, 2015. (Doc. 1, p. 3). He had experienced a similar episode the previous year that resulted in his long term use of a cane, so he immediately took steps to address the sudden recurrence of pain. *Id*. Plaintiff

submitted a request for pain medication to the prison's health care unit ("HCU"). *Id*. He explained that his arthritis medication was not working. *Id*. He received no response.

On October 26, 2015, Plaintiff directed a similar request for treatment to Doctor Coe. (Doc. 1, p. 3). He then sent the doctor an "emergency" request for sick call and pain medication the following day. *Id*. He apparently received no response to these requests either.

On October 28, 2015, Plaintiff spoke with Lieutenant McArthy in the lunch line. (Doc. 1, pp. 3-4). Plaintiff complained of "extreme pain" in his hip and leg. (Doc. 1, p. 4). Lieutenant McArthy agreed to contact the HCU on his behalf and later confirmed that he had done so. *Id*. Hearing nothing more, Plaintiff submitted another emergency request for medical care. *Id*.

On October 29, 2015, Plaintiff spoke with Major Doe about his untreated pain and the medical staff's inattention to it. (Doc. 1, p. 4). The major encouraged Plaintiff to "be patient" and agreed to find out why Plaintiff had not been seen for five days. *Id*. Plaintiff was issued a sick call pass the same day, but received notification over the public announcement system that it was cancelled. *Id*.

When Plaintiff went the law library on October 30, 2015, he could barely climb the stairs. (Doc. 1, p. 4). After doing so, his hip became so sore that he asked the law librarian to contact the academic security officer (Officer Ash[1]) and inform him of the situation. *Id*. Officer Ash contacted the HCU for assistance before escorting Plaintiff down the stairs. *Id*.

Nurse Doe met Plaintiff at the bottom of the stairs, where he was in so much pain that he developed tunnel vision and nearly passed out. (Doc. 1, p. 4). Another member of the medical

---

[1] Officer Ash is not named as a defendant in the case caption, and Plaintiff asserts no claims against this individual. When parties are not listed in the caption, the Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Accordingly, all potential claims against this individual are considered dismissed without prejudice from this action.

staff offered Plaintiff a wheelchair, but Nurse Doe would not allow it. *Id*. She made Plaintiff "hobble" to the inmate waiting room, where he sat in pain for over an hour before his vital signs were taken in the phlebotomy room. *Id*. After he returned, Nurse Doe instructed Plaintiff to "bare [his] buttocks in front of everyone in the waiting room" so that she could administer a shot of Toradol (30 mg). *Id*.

Plaintiff was then ordered to return to his cell house. (Doc. 1, p. 5). He attempted to use his cane to walk, but the pain in his hip was unbearable. *Id*. Plaintiff returned to the waiting room and again requested treatment. *Id*. Doctor Coe never met with him. *Id*. During the next hour, he made several unsuccessful attempts to use his cane to walk back to his cell house. *Id*. Lieutenant McArthy eventually brought him a wheelchair and offered to take him to his cell or to segregation. *Id*. Plaintiff agreed to return to his cell. *Id*.

On the way, Plaintiff informed Lieutenant McArthy that he had not yet seen Doctor Coe, and he had not received a lunch tray. (Doc. 1, p. 5). Plaintiff stated that he would not be able to walk to the chow hall if the pain did not subside. *Id*. The lieutenant said that he would talk to the wing officer. *Id*. Plaintiff was allegedly provided with no food from October 30, 2015 until November 10, 2015 except when trays were delivered to his cell at breakfast and when the prison was short staffed. *Id*. When Plaintiff was able to "hobble" to the inmate dining room, he suffered from so much pain that he became nauseas and lost his appetite. *Id*. He missed at least eleven meals during this time period. *Id*.

On November 1, 2015, Plaintiff sent Doctor Coe another request for emergency medical care and pain relief. (Doc. 1, p. 5). He informed the doctor that he could not walk to the dining room and was not receiving meals. *Id*. Plaintiff received a call pass for November 2, 2015, but

4

it was cancelled. *Id*. Plaintiff submitted another emergency request for medical care, in which he requested an appointment with the doctor as soon as possible. *Id*.

Plaintiff was seen at sick call on November 3, 2015. (Doc. 1, p. 5). He received eighteen acetaminophen tablets (325 mg). *Id*. Plaintiff informed the nurse that he could not take them because they upset his stomach. *Id*. He was seen at nurse sick call again the next day. (Doc. 1, pp. 5-6). However, he was denied pain medication. *Id*.

On November 5, 2015, Plaintiff finally met with Doctor Coe. (Doc. 1, p. 6). The doctor examined Plaintiff's hip and leg and charted his complaints of pain. *Id*. However, he refused to give Plaintiff pain medication or a medical lay-in, even after Plaintiff informed the doctor that he could not walk to the dining room without becoming nauseas. *Id*.

Doctor Coe administered "several injections" in Plaintiff's left hip and thigh on November 9, 2015. (Doc. 1, p. 6). Doctor Coe felt scar tissue in Plaintiff's leg but still denied his request for another form of pain relief. *Id*. Plaintiff submitted a written request for alternative pain medication that evening, after explaining that he was still in pain and unable to walk. *Id*.

The following day, Plaintiff sent a more specific request to Doctor Coe for a muscle relaxant and a medical lay-in. (Doc. 1, p. 6). His sick call pass for November 11, 2015 was cancelled. *Id*. A subsequent sick call pass and HCU appointment on November 13, 2015 were also cancelled. *Id*.

Plaintiff sent Doctor Coe another request for medical care, complaining of continued left hip pain, knee pain, numbness, nausea, and immobility. (Doc. 1, p. 6). He was seen again at sick call on November 17, 2015 but his request for medication was denied. *Id*. Plaintiff sent Doctor Coe a request for pain medication on November 21, 2015 and finally met with Doctor

Coe again on November 23, 2015. *Id*. The doctor listened to his complaints and charted his pain. *Id*. Even so, he refused to consider any other form of pain relief. *Id*. The doctor instead ordered Plaintiff a wheelchair. *Id*.

On December 4, 2015, Plaintiff sent Doctor Coe still another request for medical care, this time informing the doctor that his left knee was swollen and extremely sore. (Doc. 1, p. 6). He complained that his naproxen was ineffective, and he requested an alternative pain reliever. *Id*. He also inquired into the status of the wheelchair. *Id*.

On December 30, 2015, Plaintiff was called to HCU and offered a wheelchair. (Doc. 1, p. 6). After being told that he would have to surrender his cane in exchange for the wheelchair, Plaintiff refused. *Id*. He sent Doctor Coe a written complaint on January 5, 2016, and the doctor met with him in the HCU on February 12, 2016. (Doc. 1, p. 7). He placed an order for a cane and a wheelchair. *Id*. Plaintiff finally received the wheelchair without being forced to surrender his cane on February 22, 2016. *Id*.

Plaintiff claims that Nurse Doe, Major Doe, Lieutenant McArthy, and Doctor Coe exhibited deliberate indifference to his serious medical needs. (Doc. 1, pp. 7-8). He also claims that Lieutenant McArthy and Doctor Coe exhibited deliberate indifference to the denial of food to Plaintiff between October 30, 2015 and November 10, 2015. He seeks monetary relief against the defendants. (Doc. 1, p. 8). He also seeks injunctive relief to stop continuing violations of his Eighth Amendment right to receive medical care and, for this reason, includes Warden Lamb as a defendant. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court

deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

> **Count 1** - Eighth Amendment deliberate indifference to medical needs claim against Nurse Doe, Doctor Coe, Major Doe, and Lieutenant McArthy for denying Plaintiff treatment for his left hip and leg pain between October 24, 2015 and February 22, 2016.
>
> **Count 2 -** Eighth Amendment deliberate indifference claim against Lieutenant McArthy and Doctor Coe for failing to ensure that he received meals between October 30 and November 10, 2015.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these claims does not constitute an opinion regarding the merits. **Any other claims that Plaintiff intended to bring in the Complaint that are not listed above are considered dismissed without prejudice from this action.**[2]

## Count 1

Plaintiff's claims arise under the Eighth Amendment which prohibits the cruel and unusual punishment of prisoners. U.S. CONST., amend. VIII. *See also Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Deliberate indifference to serious medical needs of prisoners violates the proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). An Eighth Amendment claim based on the denial of medical care includes an objective and a subjective component. To state a claim, a prisoner must allege that he suffered from a sufficiently serious medical condition (*i.e.*, objective component) and that state officials acted with deliberate indifference to his health or safety (*i.e.*,

---

[2] This includes any state law claims Plaintiff intended to bring. *See* Doc. 1, p. 1.

a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Plaintiff's hip and leg pain qualify as such for screening purposes. Although the Complaint discloses no formal diagnosis by a physician, Plaintiff describes unrelenting pain, even with repeated injections. *Williams v. Liefer*, 491 F.3d 710, 716 (7th Cir. 2007) (pain is an objectively serious medical condition). Therefore, the objective component of this claim is satisfied for screening purposes.

To satisfy the subjective component of the claim, Plaintiff must demonstrate that prison officials acted with deliberate indifference. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). This standard is satisfied when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*, 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Ignoring an inmate's complaints of pain satisfies the subjective standard. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008) (non-trivial delay in treating serious pain is actionable where delay aggravates underlying condition).

The Complaint articulates a viable deliberate indifference claim against Nurse Doe and Doctor Coe, the two medical providers who allegedly disregarded Plaintiff's frequent complaints of pain and ineffective medication. Deliberate indifference may arise where a medical provider persists with an ineffective course of treatment. *See, e.g., Berry*, 604 F.3d at 441 (choice of

easier less efficacious treatment for serious medical need can amount to deliberate indifference); *Kelley v. McGinnis*, 899 F.2d 612, 619 (7th Cir. 1990) (deliberate indifference when doctor continues with treatment knowing that it is ineffective). Here, the Complaint suggests that both of these defendants were aware that Plaintiff's pain was not effectively managed, but failed to consider alternative forms of treatment for his condition. Accordingly, Count 1 is subject to further review against both defendants.

The Complaint also articulates a viable deliberate indifference claim against Lieutenant McArthy. Plaintiff repeatedly notified this defendant that the medical staff was ignoring, delaying, and even denying him treatment for his hip and leg pain. Even so, he threatened Plaintiff with segregation for demanding treatment on one occasion and otherwise took no steps to ensure that Plaintiff received medical care. Non-medical defendants "cannot simply ignore an inmate's plight." *Greeno*, 414 F.3d at 656. Where a non-medical defendant has reason to believe that prison medical staff members are ignoring a prisoner's medical needs, the non-medical defendant can be chargeable with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (citing *Hayes v. Snyder*, 546 F.3d 516, 525 (7th Cir. 2008)). Count 1 shall proceed against Lieutenant McArthy.

However, the allegations do not support a deliberate indifference claim against Major Doe. On October 29, 2015, Plaintiff allegedly informed him of a five-day delay in treatment of his hip pain. (Doc. 1, p. 4). In response, the major told Plaintiff to "be patient" while he looked into the matter. *Id.* Major Doe investigated the matter without delay and Plaintiff was issued a call pass. *Id.* Plaintiff mentions no other encounter with this defendant. The fact that the call pass was cancelled for reasons unrelated to Major Doe gives rise to no claim against this defendant. *See Greeno*, 414 F.3d at 656 (no deliberate indifference where non-medical provider

investigated complaints and referred them to medical provider who could be expected to address them); *Berry*, 604 F.3d at 440 (non-medical administrator entitled to defer to judgment of medical provider as long as he did not ignore inmate). For these reasons, Count 1 shall be dismissed without prejudice against Major John Doe for failure to state a claim upon which relief may be granted.

The Complaint also supports no individual capacity claim against Warden Lamb. This defendant is named only in connection with Plaintiff's request for injunctive relief. When injunctive relief is sought, it is generally appropriate to name the government official who is responsible for carrying out the requested relief, in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. Accordingly, Count 1 shall proceed against Warden Lamb, in his or her official capacity for the sole purpose of carrying out any injunctive relief that is ordered. The individual capacity claim against this defendant shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 2**

Plaintiff claims that he was denied at least eleven meals in as many days between October 30, 2015 and November 10, 2015. The Eighth Amendment governs this claim and requires prison officials to provide inmates with humane conditions of confinement that include adequate nourishment. *Farmer*, 511 U.S. at 832; *Sain v. Wood*, 512 F.3d 886, 893 (7th Cir. 2008); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Inmate meals must contain sufficient nutritional value to preserve an inmate's health. *Lunsford v. Bennett*, 17 F.3d 1574,

1580 (7th Cir. 1994); *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977); *Madyun v. Thompson*, 657 F.2d 868, 874 (7th Cir. 1981).

The Complaint fails to state a claim for inadequate nourishment. Plaintiff alleges only that he was denied one meal per day for eleven days. (Doc. 1, p. 5). He does not allege that he lacked adequate nourishment. *Id*. Standing alone, the allegation that he missed a meal each day is insufficient to support a claim. *See, e.g., Madyun*, 657 F.2d at 874 (complaint that food served in segregation was cold and different than the food served to the general inmate population failed to state a claim where there was no indication that the level of nourishment was insufficient to maintain the inmate's physical well-being). Because the Complaint allegations fail to state a colorable claim against any of the defendants in Count 2, this claim shall be dismissed without prejudice.

## Identification of Unknown Defendant

Plaintiff will also be allowed to proceed with Count 1 against the unknown defendant who is referred to as "Nurse Jane Doe." However, this defendant must be identified with particularity before service of the Complaint can be made on her. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. In this case, Warden Lamb is already named as a defendant in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying this unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of Defendant Nurse Jane Doe is discovered, Plaintiff shall file

a motion to substitute this newly identified defendant in place of the generic designations for her in the case caption and throughout the Complaint.

### **Interim Relief**

Plaintiff included a request for injunctive relief in his Complaint. (Doc. 1, p. 8). He did not specifically request a temporary restraining order ("TRO") or a preliminary injunction. *Id*. However, his opening paragraph refers to Rule 65 of the Federal Rules of Civil Procedure, which governs both. (Doc. 1, p. 1).

He vaguely complains of "continuing disregard" to his pain. (Doc. 1, p. 8). He also seeks a diagnosis and treatment. *Id*. He requests an order that compels the defendants "to provide [Plaintiff] with pain medication that alleviates [his] current pain and to provide [him] with health care that identifies the cause of this pain and remedies that cause." *Id*.

Since Plaintiff does not specify which form of injunctive relief he seeks, the Court is left to guess whether he requests a temporary restraining order under Rule 65(b) or a preliminary injunction under Rule 65(a), or both. The Court is simply unable to make this determination or find that he is entitled to relief without any information regarding the care he has received (or been denied) since February 22, 2016. In the absence of this information, Plaintiff's motion for Rule 65 relief is **DENIED** without prejudice.

With that said, the Court takes complaints of pain seriously. To the extent he deems it necessary to do so, Plaintiff may renew his request for a TRO and/or a preliminary injunction pursuant to Rule 65 at any time during the pending action. To do so, he should file a separate motion setting forth the exact form of relief he seeks, the reasons for his request, and the facts which support the requested relief.

## IFP Motion

Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2), which was granted. However, a warning regarding sanctions is now in order. The Court is well aware that Plaintiff failed to disclose his litigation history in his Complaint (Doc. 1, pp. 2-3) and IFP Motion (Doc. 2). He states, "I have filed numerous cases in federal and state courts but no other lawsuits dealing with the same facts involved in this cause of action." *Id.*

The Court reviewed the Public Access to Court Electronic Records ("PACER") website for information regarding Plaintiff's litigation history. *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases)). According to PACER, Plaintiff has received at least two "strikes" for filing civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim under 28 U.S.C. § 1915A(b). *See Owens v. Blagojevich*, Appeal No. 08-03930 (7th Cir., dismissed as frivolous March 5, 2009); *Owens v. Duncan*, Case No. 15-cv-00999-MJR (S.D. Ill., dismissed for failure to state a claim Aug. 22, 2016). Plaintiff did not disclose either strike in his Complaint or IFP Motion.

The Court will not tolerate this conduct. Plaintiff is required to disclose his *complete* litigation history--including each of his strikes--when seeking leave to proceed as a poor person. Failure to do so is grounds for immediate dismissal of the action. *Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011).

**WARNING: Sanctions for Failure to Disclose Litigation History**

**Plaintiff is hereby WARNED that failure to clearly disclose his complete litigation history, including each of his strikes, when seeking leave to proceed IFP in future litigation may result in the imposition of sanctions that include dismissal of the action for attempting**

to commit a fraud upon the Court. *Hoskins*, 633 F.3d at 543 (court may appropriately dismiss action filed by prisoner seeking to proceed as a pauper where he fails to accurately disclose his litigation history).

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's request for interim injunctive relief under Rule 65(a) or (b) is **DENIED** without prejudice. Plaintiff may renew this request by filing a separate motion according to the instructions set forth above at any time during the pending action.

**IT IS ORDERED** that **COUNT 1** is subject to further review against Defendants **NURSE JANE DOE, DOCTOR COE, LIEUTENANT McARTHY,** and **WARDEN LAMB** (official capacity only). This claim is **DISMISSED** without prejudice against **MAJOR JOHN DOE** and **WARDEN LAMB** (individual capacity only) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice against all defendants for failure to state a claim upon which relief may be granted.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendants **DOCTOR COE, LIEUTENANT McARTHY, WARDEN LAMB,** and **NURSE JANE DOE** (once identified): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on Defendant **NURSE JANE DOE** until such time as Plaintiff has identified this defendant by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

**IT IS ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendant with particularity. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay-in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 7, 2017**

                                                                <u>s/STACI M. YANDLE</u>
                                                                  **U.S. District Judge**