IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-cv-667-SMY-RJD |
| WARDEN LAMB, et al., | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff James Owens, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center ("Lawrence"). Specifically, Plaintiff alleges Defendants denied him adequate medical care for left hip and leg pain. Following threshold screening, Plaintiff proceeds on one Count of deliberate indifference against Defendants Warden Lamb, Lt. McArthy, Dr. John Coe, and a Jane Doe nurse (Doc. 5).

This matter is now before the Court on Defendant Coe's Motion for Summary Judgment Based on Exhaustion (Doc. 27). Plaintiff filed a timely Response (Doc. 39). Coe asserts that Owens did not follow proper grievance procedures and therefore failed to exhaust his administrative remedies. Owens attaches a grievance dated October 31, 2015, and argues that this emergency grievance exhausted his administrative remedies. For the following reasons, Defendant Coe's motion is **GRANTED**.

## Factual Background

According to Owens' October 31, 2015 grievance, on October 24, 2015, he woke up with pain in his left hip and put in a request for medication to the HCU (Doc. 39 at 2). Two days later, his hip was extremely sore and he sent a request for emergency medical care to Dr. Coe (Id.). He sent Dr. Coe another request for emergency treatment and a request to the HCU for interim pain medication on October 27, 2015. (Id.). He made additional requests to Dr. Coe on October 28, 2015 and October 29, 2015. Owens was not seen by anyone in HCU until October 30, 2015 when the nurse checked his vitals and gave him a shot ordered by Dr. Coe (Id.).

Owens was not seen by Dr. Coe anytime between October 24, 2015 and his filing the grievance on October 31, 2015 (Id.). The relief Owens requested in his emergency grievance was medical care for his pain. The Chief Administrative Officer denied the grievance as an emergency on November 3, 2015 and checked the box stating that Owens should submit his grievance in the normal manner (Id.).

On November 25, 2015, the Administrative Review Board ("ARB") received a copy of the October 31, 2015 grievance with the CAO's emergency review (along with two other grievances). The ARB returned the October 31, 2015 grievance to Owens because he failed to attach a copy of the Counselor's Response and the Grievance Officer's Response as required. There is no further documentation concerning the October 31, 2015 grievance.

After a careful review of the arguments and evidence set forth in the parties' briefs regarding the issue of exhaustion, the Court determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) is not necessary.

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323.

Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). When deciding a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

Under 42 U.S.C. § 1997e(a), inmates are required to exhaust available administrative remedies before filing lawsuits in federal court. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "[A]ll dismissals under § 1997e(a) should be without prejudice." *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief

Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that a substantial risk of imminent personal injury or other serious or irreparable harm exists, the grievance is handled on an emergency basis which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may also submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

When Owens' October 31, 2015 grievance was denied as an emergency, he appealed directly to the ARB rather than following the written instruction to submit it through the normal process. Owens asserts that he did not engage in the three-step process after filing the emergency grievance because he was not required to, citing *Thornton v. Snyder*, 428 F.3d 690 (7th Cir. 2005). In *Thornton*, an inmate submitted an emergency grievance regarding the conditions of his cell in segregation and later received a letter stating that his grievance did not constitute an emergency. 428 F.3d at 692. He did not appeal the grievance and did not submit

the grievance through the normal grievance process. *Id.* at 693. The inmate was transferred to a different cell, but filed an action for damages based on the conditions of his original cell. The district court dismissed the action for failure to exhaust administrative remedies. *Id.* On appeal, the state defendants argued that the plaintiff failed to exhaust his administrative remedies because he did not submit his grievance through the normal grievance process. *Id.* at 694. The Seventh Circuit disagreed, noting, "There is nothing in the current regulatory text…that requires an inmate to file a new grievance after learning only that it will not be considered on an emergency basis."[1] *Id.* It then reversed the judgment of the district court, finding prisoners are not required to "appeal grievances that were resolved as [the prisoner] requested and where money damages were not available" because, in such instances, no further remedy is available. *Id.* at 695-97.

This case is distinguishable from *Thornton*. Although inmates may not be required by regulation to submit a new grievance after learning only that it is not considered an emergency, there is no indication the record that Owens ever received the relief he had requested – "medical treatment for pain." In fact, he alleges in his Complaint that Dr. Coe refused to provide pain medication from October 26, 2015 through February 22, 2016. Because Owens did not follow the normal process after the denial of his emergency grievance, he failed to exhaust his administrative remedies as to Defendant Coe.

Accordingly, Defendant Coe's Motion for Summary Judgment Based on Exhaustion (Doc. 27) is **GRANTED**, and Plaintiff's claims against this defendant are **DISMISSED WITHOUT PREJUDICE**.

---

[1] The Department of Corrections has since amended the regulatory text, although the amendment occurred after the relevant time period in the instant action. As of April 1, 2017, "[i]f the Chief Administrative Officer determines that the grievance should not be handled on an emergency basis, the offender shall be notified in writing that he or she may resubmit the grievance as non-emergent, in accordance with the standard grievance process." 20 Ill. Admin. Code § 504.840.

**IT IS SO ORDERED.**

**DATED: March 22, 2018**

<u>s/ Staci M. Yandle</u>
**STACI M. YANDLE**
**United States District Judge**
