IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-667-SMY-RJD |
| | ) |
| WARDEN LAMB, LT MCARTHY, AMY ULREY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 72), recommending that Defendant Amy Ulrey's Motion to Dismiss for failure to state a claim (Doc. 61) be granted. Plaintiff James Owens filed a timely objection to the Report (Doc. 73) and a Supplement (Doc. 74). For the following reasons, Judge Daly's Report is **ADOPTED**.

### Background

On June 27, 2017, Plaintiff James Owens filed a Complaint pursuant to 42 U.S.C §1983 alleging that his constitutional rights were violated by a Jane Doe Nurse and others beginning on October 24, 2015 (Doc. 1). Specifically, Owens alleges he sought help from the Jane Doe Nurse on October 30, 2015 for a painful condition in his hip and leg but that she refused to provide adequate medical care (Doc. 1, p. 4).

Upon this Court's review of the Complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on an Eighth Amendment claim that Jane Doe Nurse was deliberately indifferent to his medical needs from October 24, 2015 to February 22, 2016 (Doc. 5). The

Screening Order also provided:

> Plaintiff will also be allowed to proceed with Count 1 against the unknown defendant who is referred to as "Nurse Jane Doe." However, this defendant must be identified with particularity before service of the Complaint can be made on her. Where a prisoner's Complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez*, 577 F.3d at 832. In this case, Warden Lamb is already named as a defendant in his or her official capacity only, and shall be responsible for responding to discovery aimed at identifying this unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of Defendant Nurse Jane Doe is discovered, Plaintiff shall file a motion to substitute this newly identified defendant in place of the generic designations for her in the case caption and throughout the Complaint.

(Doc. 5, pp. 11-12).

On October 16, 2017, Judge Daly set a deadline of September 20, 2018 for identifying the John/Jane Doe parties through an Amended Complaint (Doc. 21). Owens did not file an Amended Complaint by the deadline. Therefore, on September 25, 2018, Judge Daly issued an Order to show cause why the Jane Doe Nurse should not be dismissed for failure to prosecute (Do. 47). Owens was then granted additional time to file an Amended Complaint (Doc. 50),[1] and he did so on November 8, 2018, naming Amy Ulrey as the Jane Doe Nurse (Doc. 53). The Amended Complaint is identical to the original Complaint except that "Jane Doe" is crossed out and Ulrey's name is written in.

Subsequently, Defendant Ulrey filed a Motion to Dismiss, arguing that Owens' claim is barred by the statue of limitations (Doc. 62). In response, Owens argues that Ulrey was aware of the claim against her and that he had requested information regarding her identity from Warden Lamb on August 24, 2017 but had received no response (Doc. 65). He further argues that

---

[1] In doing so, Magistrate Judge Daly noted that the Jane Doe nurse's name was contained in medical records served upon Owens.

Defendants engaged in fraudulent concealment in preventing him from discovering Ulrey's name.

On December 11, 2018, Judge Daly issued a Report setting forth the applicable law and her conclusions. She found that Owens' claim accrued on February 22, 2016, that he was required to file an Amended Complaint naming Ulrey by February 22, 2018, and that therefore, his November 8, 2018 Amended Complaint was filed too late. Judge Daly also concluded that Owens could not benefit from the relation back provision of Federal Rule of Civil Procedure 15(c) or the doctrine of fraudulent concealment. Thus, Judge Daly recommended that Owens' claim against Ulrey be dismissed as time-barred.

**Discussion**

Because Owens filed an objection, the undersigned will undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a Complaint must "state a claim to relief that is plausible on its face." *Lodholtz v. York Risk Servs. Group, Inc.*, 778 F.3d 635, 639 (7th Cir. 2015) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007). The Court must also draw all reasonable inferences and facts in favor of the plaintiff. *See Vesely v. Armslist LLC*, 762 F.3d 661, 664 (7th Cir. 2014).

A statute of limitations defense is an affirmative defense that would not typically be asserted in a motion to dismiss. Fed.R.Civ.P. 8(c). However, "the statute of limitations may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)).

Title 42 U.S.C. § 1983, under which Owens brings his claims, does not contain a specific statute of limitations. Claims brought pursuant to the statute are analogous to personal injury claims and are consequently subject to Illinois' 2-year limitations period. *See Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 765 (7th Cir. 2013); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001); 735 ILL. COMP. STAT. § 5/13-202. For purposes of the statute of limitations, a claim accrues when a plaintiff "knows or has reason to know of the injury that is the basis of his action." *Sellars v Peters*, 80 F.3d 243, 245 (7th Cir. 1996).

"[B]ecause 'the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application,' federal courts must 'also borrow[] the state's tolling rules--including any equitable tolling doctrines.'" *Johnson*, 272 F.3d at 521 (quoting *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992)). Such tolling doctrines are adopted unless the rules are inconsistent with the Constitution and laws of the United States. *Smith*, 951 F.2d at 837 n.1. It is undisputed that Ulrey was not named in a pleading within the 2-year statute of limitations. Thus, Owens' claim against her is time-barred unless tolling applies.

Owens does not specifically object to Judge Daly's recitation of the record or relevant law, but argues that he is entitled to benefit from the doctrines of equitable tolling and equitable estoppel

and that he is alleging an on-going violation, which makes January 2019 the accrual date for his claim. However, he did not raise equitable tolling or his continuing violation theory in his Response to the Motion to Dismiss. He argued only that the statute of limitations should be tolled because of equitable estoppel, which Illinois courts refer to as fraudulent concealment. *See Greenhill v. Vartanian*, 917 F.3d 984, 988 (7th Cir. 2019). Arguments that are not raised before the Magistrate Judge are normally waived. *United States v. Melgar*, 227 F.3d 1038, 1041 (7th Cir. 2000). However, in light of the relatedness of the doctrines, and because the record is complete and the relevant facts are undisputed, the Court will consider both doctrines.

Equitable tolling applies "where a plaintiff was prevented from asserting his or her rights in some extraordinary way." *Ralda-Sanden v. Sanden*, 989 N.E.2d 1143, 1149 (Ill. App. Ct. 2013). "Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Id*. (quotation marks and citation omitted). Equitable estoppel can apply where "the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990). Thus, to trigger either doctrine, Owens must show "affirmative acts by the defendant that are designed to prevent the discovery of the action" or in this case, Ulrey's name. Neither doctrine applies in this case.

Owens has not shown due diligence in pursuing his claim against Ulrey. He was instructed to use the discovery process to identify the unknown party. Prior to the entry of a scheduling order, Owens' sent a "request for discovery" to Defendant Warden Lamb seeking the name of the Jane Doe Nurse.[2] Lamb did not respond to the discovery request. Thereafter, on December 21, 2017

---

[2] Owens' discovery request was timely because he is exempt from the timing requirements of Federal Rule of Civil Procedure 26(d)(1).

(long before the expiration of the statute of limitations), Owens received his medical records which included documents signed by Ulrey, although her name was not immediately apparent from the signature. From the time that he sent his discovery request in August 2017 to his October 19, 2018 Response to the Order to Show Cause, Owens did nothing to identify Ulrey. He did not file a motion to compel or otherwise alert the Court that Lamb failed to respond to a discovery request. *See e.g. Bryant v. City of Chicago*, 746 F.3d 239, 242-243 (7th Cir. 2014) (finding that a "when a pro se incarcerated plaintiff seeks to identify unknown defendants and has filed a motion that would help him identify those defendants, and the statute of limitations expires while the motion is pending, equitable tolling can be appropriate"). He also took no action to follow up with Defendants in an effort to identify Ulrey after receiving his medical records. Not until Judge Daly twice prompted Owens to act did he do anything to determine Ulrey's name after August, 2017.

Owens also cannot benefit from the doctrine of fraudulent concealment. As Judge Daly observed, the "'mere silence of the defendant and the mere failure on the part of the plaintiff to learn of a [defendant's name] do not amount to fraudulent concealment.'" *Worthington v. Wilson*, 8 F.3d 1253, 1257 (7th Cir. 1993) (quoting *Foster v. Plaut*, 625 N.E.2d 198, 203 (Ill. App. Ct. 1993). Defendants took no affirmative steps to prevent Owens from discovering Ulrey's name. Rather, Owens himself failed to take action to discover her true identity.

In his Supplement, Owens argues that his claims against Ulrey are part of a continuing violation and that the last act of the violation occurred in January 2018 when he was transferred to a different prison. Even if the Court were to find that the Supplement was a timely objection to the Report, Owens waived this argument by failing to raise it before Judge Daly. Moreover, he did not assert a continuing violation in his Amended Complaint; he alleges only that Ulrey failed to provide adequate medical care in one discrete instance. Finally, the Screening Order limited

Owens' claim to from October 24, 2015 to February 22, 2016, and Owens has not sought reconsideration of that Order.

## Conclusion

For the foregoing reasons, Judge Daly's Report (Doc. 72) is **ADOPTED** in its entirety. Accordingly, Defendant Amy Ulrey's Motion to Dismiss for failure to state a claim (Doc. 61) is **GRANTED**, and she is **DISMISSED from this case with prejudice**.

**IT IS SO ORDERED.**

**DATED: June 13, 2019**

**STACI M. YANDLE**
**United States District Judge**