IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-CV-667-SMY |
| | ) |
| NICHOLAS LAMB and LEIF MCCARTHY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 91), recommending that the motion for summary judgment filed by Defendants Nicholas Lamb and Leif McCarthy (Doc. 82) be granted. Plaintiff James Owens filed a timely objection (Doc. 110). For the following reasons, Judge Daly's Report is **ADOPTED.**

Owens filed an Amended Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendant McCarthy was deliberately indifferent to his medical needs between October 24, 2015 and February 22, 2016 in violation of the Eighth Amendment (Count 1) (Docs. 5 and 53). Defendant Nicholas Lamb, who is sued in his official capacity only, was the Warden of Lawrence Correctional Center where Owens was incarcerated during the relevant time period. Owens has since moved to the Taylorville Correctional Center, where the Chief Administrative Officer is Todd Scott, the Assistant Warden. Defendants moved for summary judgment (Doc. 82) and Plaintiff did not file a timely response.

Judge Daly issued a Report on the motion, setting forth the applicable law and her conclusions (Doc. 91). After finding Plaintiff's failure to respond was an admission of the merits

of the motion, she concluded that McCarthy is entitled to summary judgment on Count 1 because the record does not support a finding of deliberate indifference. Specifically, Judge Daly found that McCarthy arranged for Owens to visit the health care unit after he complained about hip pain on October 28, 2015 and in reliance on the judgment of medical professionals, returned Owens to his cell after he received medical treatment on October 30, 2015. Judge Daly further recommends that the Warden at Owens' current place of incarceration be substituted for Lamb. Thus, Judge Daly recommends that the motion for summary judgment be granted in favor of both Defendants and against Plaintiff.

Since Owens filed an objection, this Court undertakes a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013).

Owens raises no specific objections to Judge Daly's Report and merely refers the Court to his untimely and stricken response to the motion for summary judgment (Docs. 103 and 107). That response was never properly before Judge Daly and therefore, the arguments therein are waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (holding that "arguments not made before a magistrate judge are normally waived."). Moreover, the undersigned finds that waiver is particularly appropriate in this case as Owens was granted two extensions of time, giving him almost 3 additional months, to respond to the motion for summary judgment (Docs. 87 and 90).

Here Judge Daly thoroughly discussed and supported her conclusion that both McCarthy and Scott, who is substituted for Lamb, are entitled to judgment as a matter of law. Owens has presented no evidence or argument that contradicts that conclusion. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** (Doc. 82). The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: January 12, 2021**

**STACI M. YANDLE**
**United States District Judge**